**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Fineline, Ltd., a Hong Kong corporation,

Plaintiff,

v.

MIKOR Funding Group. LLC, an Arizona limited liability company; Michael A. Adams and Brenda Adams, husband and wife,

Defendants.

No. CV-25-02519-PHX-DGC

**ORDER AND DEFAULT JUDGMENT**

Plaintiff has filed a motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) and a motion for attorneys' fees and costs. Docs. 21, 22. No responses have been filed. For reasons stated below, default judgment is appropriate and will be entered in the amount of $797,500, plus $79,354.66 in pre-judgment interest and $61,173.75 in attorneys' fees and costs.

**I. Background.**

Plaintiff is a clothing manufacturer based in Hong Kong. In September 2023, Plaintiff and Defendant MIKOR entered into a written contract titled "Memorandum of Understanding – Funding Proposal Using a SBLC" (the "MOU"). The MOU was executed by Defendant Michael Adams on behalf of MIKOR. Doc. 1 ¶ 9. Under the MOU, MIKOR represented that it had access to a $500,000,000 Standby Letter of Credit

("SBLC") and would arrange financing through an investor associated with Credit Suisse Singapore. *Id.* ¶ 10. Defendants represented that MIKOR could monetize the $500,000,000 SBLC by working with a second commercial bank, which would take out a lease on the Credit Suisse SBLC and would then use the remainder of the funds (those not disbursed to Plaintiff) to engage in overseas trading, which would generate profits sufficient to repay the entire $500,000,000 SBLC. This ostensibly would permit Plaintiff to keep the entire $115,000,000 in funding with no obligation to repay any amount. Doc. 21, Ex. 1, ¶ 8. In fact, the MOU said: "***SPECIAL NOTE – THIS LOAN IS A NON-RECOURSE SELF-LIQUIDATING LOAN (YOU DON'T HAVE TO PAY BACK)***." Doc. 1 ¶ 14.

MIKOR promised to obtain this $115,000,000 windfall for Plaintiff if MIKOR was paid $10,000 in underwriting fees and $787,500 in transactional costs. *Id.* ¶¶ 11-12. In reliance on Defendants' representations, Plaintiff wired $797,500 to MIKOR on September 15, 2023. *Id.* ¶ 13.

If this agreement sounds too good to be true, it was. MIKOR failed to establish escrow, failed to arrange the promised SBLC financing, and failed to disburse any portion of the agreed-upon $115,000,000 to Plaintiff. *Id.* ¶¶ 15-20. Between September 2023 and April 2024, Plaintiff repeatedly contacted Defendants requesting updates regarding the status of the funding, only to receive promises that were never fulfilled. *Id.* ¶¶ 14-25.

Defendants were served with the summons and complaint on July 27, 2025, as reflected by the certificates of service filed with the Court. Docs. 8-10. Defendants did not make an appearance or otherwise present a defense. Doc. 17, Ex. 1 ¶ 5. Nor have Defendants responded to the motions for default judgment and attorneys' fees. The Clerk entered default on March 18, 2026. Doc. 18.

**II. Default Judgment.**

After the Clerk enters default, the Court has discretion to enter default judgment under Rule 55(b)(2). *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). While the Court is not required to make detailed findings of fact, *see Fair Housing of Marin v.*

*Combs*, 285 F.3d 899, 906 (9th Cir. 2002), it should consider several factors: (1) the possibility of prejudice to the claimant, (2) the merits of the claims, (3) the sufficiency of the pleading, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether default is due to excusable neglect, and (7) the policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

The Court is satisfied that it has diversity jurisdiction over this case and personal jurisdiction over Defendants, for reasons stated by Plaintiff. Doc. 21 at 21-22.

Plaintiff seeks default judgment on several claims: breach of contract and breach of contract failure to fund against MIKOR, and fraud in the inducement, common law fraud, violation of the Arizona Consumer Fraud Act, and negligent misrepresentation against all Defendants. *Id.* at 10-15. The Court concludes below that the MOU is not enforceable due to unconscionability, and therefore will not enter default judgement on the breach of contract claims. The Court will address the *Eitel* factors with respect to the remaining claims.

**A. Prejudice to Defendants.**

The first *Eitel* factor considers whether the claimant will suffer prejudice if default judgment is not entered. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Defendants have failed to participate in this litigation. If default judgment is not entered, Plaintiff "will likely be without other recourse for recovery." *Id.* The first *Eitel* factor favors default judgment.

**B. Merits of the Complaint and Sufficiency of the Pleading.**

These *Eitel* factors are often analyzed together and require the Court to consider whether the pleading states a plausible claim for relief. *See id.*; *Best W. Int'l Inc. v. Ghotra Inc.*, No. CV-20-01775-PHX-MTL, 2021 WL 734585, at *3 (D. Ariz. Feb. 25, 2021). A claim is plausible when it is brought under a cognizable legal theory and pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must accept the allegations of

the pleading as true when applying these *Eitel* factors. *See Ghotra*, 2021 WL 734585, at *2; *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

A review of Plaintiff's complaint shows that it has stated plausible claims for fraud in the inducement, common law fraud, violation of the Arizona Consumer Fraud Act, and negligent misrepresentation. *See* Doc. 1 ¶¶ 9-79. The second and third *Eitel* factors favor default judgment.

**C. Amount of Money at Stake.**

Under the fourth factor, courts consider the amount of money at stake in relation to the seriousness of the alleged misconduct. Plaintiff seeks default judgment in the amount of the $797,500 it paid to MIKOR and the $115,000,000 it was promised in the MOU. *Id.* While the Court finds Plaintiff's claim for $797,500 reasonable because Plaintiff actually paid this amount to MIKOR at the urging of Michael Adams, the Court does not find Plaintiff's request for $115,000,000 reasonable. No realistic businessperson or company would believe it could receive $115,000,000, with absolutely no repayment obligation, in exchange for a one-time payment of $797,500.

Contracts are not enforceable if they are unconscionable. *Harrington v. Pulte Home Corp.*, 119 P.3d 1044, 1055 (Ariz. Ct. App. 2005). The determination of unconscionability is to be made by the Court as a matter of law. *Id.* Factors showing substantive unconscionability include an overall imbalance in the obligations and rights imposed by the bargain, and significant cost-price disparity. *Id.* The MOU reflects a severe imbalance of obligations and a significant cost disparity. One party was to give the other $115,000,000 in exchange for $797,500. Although this imbalance appears to have been created at the urging of Defendants, that fact does not change the reality that this is a completely one-sided agreement. The Court will not enforce such an unconscionable contract.

The Court does find, however, that an award of $797,500 constitutes reasonable damages for Defendants' fraud and misrepresentation. This amount represents clear out-

of-pocket losses to Plaintiff. The motion identifies no other consequential damages from Defendants' fraud.

**D. Potential Factual Disputes.**

"This factor turns on the degree of possibility that a dispute concerning material facts exists or may later arise." *Talavera Hair Prods., Inc. v. Taizhou Yunsung Elec. Appliance Co.*, No. 18-CV-823 JLS (JLB), 2021 WL 3493094, at *15 (S.D. Cal. Aug. 6, 2021). Where a defendant "defaults by refusing to answer and defend, the allegations in the well-pleaded claims are presumed true and . . . there is no possible dispute of material facts" with respect to liability. *D.A. v. Witt*, No. 2:17-CV-0337-MCE-DMC, 2021 WL 2802932, at *4 (E.D. Cal. July 2, 2021). The fifth *Eitel* factor supports default judgment.

**E. Whether Default Was Due to Excusable Neglect.**

Defendants have completely failed to appear in this case. No facts suggest this was due to excusable neglect. This factor favors default judgment.

**F. Policy Favoring Decisions on the Merits.**

Cases "should be decided upon their merits whenever reasonably possible," *Eitel*, 782 F.2d at 1472, but the existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive," *PepsiCo, Inc.*, 238 F. Supp. at 1177. Because Defendants failure to respond "makes a decision on the merits impractical, if not impossible," *Gemmel v. Systemhouse, Inc.*, No. CIV 04-187-TUC-CKJ, 2008 WL 65604, at *5 (D. Ariz. Jan. 3, 2008), this factor also favors default judgment.

**G. Conclusion.**

The *Eitel* factors favor default judgment for Plaintiff on the claims of fraud in the inducement, common law fraud, violation of the Arizona Consumer Fraud Act, and negligent misrepresentation against all Defendants. Based on the allegations of the complaint, the judgment should include Defendant Brenda Allen because her spouse, Michael Allen, acted on behalf of the marital community. Doc. 1, ¶ 6.

/ / /

/ / /

**III. Damages.**

The Court need not accept the amount of damages requested. *See Geddes*, 559 F.2d at 560. There must be some evidentiary basis for the damages sought. *See Valenzuela v. Regency Theater*, No. CV-18-2013-PHX-DGC, 2019 WL 5721062, at *2 (D. Ariz. Nov. 5, 2019). The Court may, however, enter default judgment without a hearing when the amount claimed is capable of ascertainment from the documentary evidence or a detailed declaration. *See Demello v. United States*, No. C16-5741, 2018 WL 3625339, at *1 (W.D. Wash. June 5, 2018).

Attorney Michael Pramberger has submitted a declaration affirming that Plaintiff paid $797,500 to MIKOR. Doc. 21 ¶ 13. The declaration provides a sufficient evidentiary basis for awarding that amount in damages. *See Elektra Ent. Grp., Inc. v. Bryant*, No. CV 03-6381GAF(JTLX), 2004 WL 783123, at *2 (C.D. Cal. Feb. 13, 2004) (explaining that for default judgment, the claimant's burden in proving damages "is relatively lenient" and the "court can rely on the declarations submitted by the [claimant]").

**IV. Punitive Damages.**

Plaintiff seeks punitive damages of $1,000,000. Doc. 21 at 17. Punitive damages in Arizona are reserved for "the most egregious of cases, in which the defendant's reprehensible conduct and evil mind are proven by clear and convincing evidence." *SWC Baseline & Crismon Investors, L.L.C. v. Augusta Ranch Ltd. P'ship*, 265 P.3d 1070, 1088 (Ariz. Ct. App. 2011) (citation modified). In the default judgment context, the Court "must have independent evidence to support the award because punitive-damages-worthy conduct alleged in a complaint is not regarded as admitted by default." *Alutiiq Int'l Sols., LLC v. OIC Marianas Ins. Corp.*, 149 F. Supp. 3d 1208, 1215 (D. Nev. 2016). Plaintiff relies entirely on the allegations of the complaint and has not presented the requisite clear and convincing evidence to support an award of punitive damages. The Court will exercise its discretion and deny Plaintiff's request for punitive damages. *See Aldabe*, 616 F.2d at 1092.

/ / /

**V. Interest.**

Plaintiff seeks prejudgment interest on $797,500 from September 15, 2023 (the date it paid this amount to MIKOR) until the date of judgment. Doc. 21 at 18. Federal courts sitting in diversity apply state law in assessing prejudgment interest. *Am. Tel. & Tel. Co. v. United Computer Sys.*, 98 F.3d 1206, 1209 (9th Cir. 1996). In Arizona, litigants are entitled to prejudgment interest on liquidated claims. *Gemstar Ltd. v. Ernst & Young*, 917 P.2d 222, 237-38 (Ariz. 1996). "A claim is liquidated if the plaintiffs provide a basis for precisely calculating the amounts claimed." *Port United Inc. v. Sestus LLC*, No. CV-11-00367-PHX-ROS, 2014 WL 12521331, at *2 (D. Ariz. Sept. 29, 2014) (quoting *Gemstar*, 917 P.2d at 237). Plaintiff has presented a precise amount.

"[T]he district court has discretion to determine the date of commencement of prejudgment interest." *Black & Decker (U.S.), Inc. v. All Spares, Inc.*, No. CV 09-2126-PHX-MHM, 2010 WL 3034887, at *3 (D. Ariz. Aug. 3, 2010) (quoting *AMHS Ins. Co. v. Mut. Ins. Co. of Ariz.*, 258 F.3d 1090, 1103 (9th Cir. 2001)). In Arizona, prejudgment interest accrues from the date a demand was made for a sum certain. *Scottsdale Ins. Co. v. Cendejas,* 205 P.3d 1128, 1136 (Ariz. Ct. App. 2009). Plaintiff does not identify a date on which it made a demand of Defendants, but the filing and service of its complaint in this case certainly constituted such a demand. Doc. at 11. The Court therefore will award prejudgment interest from the date the complaint was served, July 27, 2025, until the date of this judgment. The rate will be 8% – one percent plus prime (currently 7%) – as provided in Arizona statutes. *See* A.R.S. § 44-1201(B). This totals $79,354.66.[1]

Post-judgment interest will accrue at the rate of 4.49%. *See* 28 U.S.C. § 1961(a).

**VI. Attorneys' Fees.**

The Court has reviewed Plaintiff's motion for attorneys' fees and costs. Doc. 22. The Court concludes that Plaintiff is entitled to recover attorneys' fees under A.R.S.

---

[1] 8% interest on $797,500 amounts to $174.79 per day (8% x $797,500 / 365). That amount for the 454 days since July 27, 2025 equals $79,354.66.

§ 12-341.01. The Court further concludes that the amount of requested fees and costs are reasonable. The Court will award $60,257.50 in attorneys' fees and $916.25 in costs.

**IT IS ORDERED:**

1. Plaintiff's motion for default judgment (Doc. 21) is **granted in part and denied in part**.

2. Plaintiff's motion for attorneys' fees and costs (Doc. 22) is **granted**.

3. Default judgment is entered in favor of Plaintiff and against all Defendants in the amount of $797,500, plus pre-judgement interest of $79,354.66.

4. Plaintiff is awarded attorneys' fees and costs in the amount of $61,173.75.

5. Post-judgement interest will accrue at the rate of 4.49%.

6. The Clerk is directed to terminate this case.

Dated this 23rd day of October, 2026.

David G. Campbell
Senior United States District Judge